UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| JOHN GERARD ESSEX | ) | |
|---|---|---|
| *Petitioner*, | ) | |
| v. | ) | No.    1:12-CV-196 |
| WALKER COUNTY SHERIFF STEVE WILSON, GEORGIA GOVERNOR NATHAN DEAL, | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM**

John Gerard Essex ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee (Court Doc. 1). Petitioner subsequently filed an amended petition which, similar to the original petition, is confusingly pled and virtually indecipherable (Court Doc. 2)

As best as the Court can discern, Petitioner's pleadings relate to civil court proceedings and alleged possible future collateral consequences from civil court orders issued between 2008 and 2010 by the Catoosa and Walker County Superior Courts in the State of Georgia in several different civil cases (Court Docs. 1, 2). Petitioner seeks, *inter alia,* to "be freed from all the orders and judgments of the Lookout Mountain Judicial Circuit, in the Courts of Catoosa and Walker County, State of Georgia[.]" (Court Doc. 2, p 13).

Section 2241(c) of Title 28 of the United States Code reads, in pertinent part, as follows:

(c) The writ of habeas corpus shall not extend to a prisoner unless−

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

. . .

"It is clear, . . . from the language of § 2241(c)(3) . . ., that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). As the primary function of the writ of habeas corpus is to seek release from unlawful custody, *see Carson v. Johnson,* 112 F.3d 818, 829 (5th Cir. 1997), it is generally only available to prisoners. *But cf. Justice of Boston Mun. Court v. Lydon,* 466 U.S. 294, 300 (1984) (release on personal recognizance subject to conditions prior to trial fulfilled "in custody" requirement of 2241).

> Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. . . .

*Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Thus, in sum, "[t]he writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan,* 853 F.2d 593, 595 (8th Cir. 1988).

2

In this case, Petitioner, who is not in custody or incarcerated, but rather resides at 2630 East Main Street, Chattanooga, Tennessee, seeks relief from the possible consequences he may suffer if he violates a civil Georgia court order (Court Doc. 1). Thus, Petitioner is not "in custody" of the state courts which handled his civil proceedings or as the result of any legal proceeding. Accordingly, because Petitioner is not in custody, but rather, is a free citizen living at his residence in Chattanooga, Tennessee, this Court lacks subject matter jurisdiction over this habeas petition and the petition will be **DISMISSED** and the case will be closed.

An appropriate judgment order will enter.

                                                    */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE